IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIMBERLY ORD and KEVIN ORD, On behalf of themselves and all other Persons similarly situated,<br>     Plaintiffs,<br> v.<br>FIRST NATIONAL BANK OF PENNSYLVANIA and F.N.B. CORPORATION,<br>     Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 2:12-cv-00766-AJS<br><br>**LEAD CASE**<br>U.S. District Judge Arthur J. Schwab<br><br>**Electronically Filed** |
| JOAN CLAREY, individually and on behalf of all others similarly situated,<br>     Plaintiff,<br> v.<br>FIRST NATIONAL BANK OF PENNSYLVANIA,<br>     Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 2:12-cv-001305-AJS<br><br>**MEMBER CASE**<br>U.S. District Judge Arthur J. Schwab<br><br>**Electronically Filed** |

**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

This matter came before the Court for hearing pursuant to the Order of this Court dated February 12, 2013, on the application of the Parties for approval of the settlement set forth in the Settlement Agreement and Release filed with the Court on February 11, 2013 (the "Agreement"). Due and adequate notice having been given to the Settlement Class as required in the Court's Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

 1. This Judgment incorporates by reference the definitions in the Agreement, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Agreement.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, this Court hereby finally certifies this Action as a class action defined as "all First National Bank of Pennsylvania customers in the United States who had one or more Accounts and who, during the period from June 1, 2006 through, and including, February 8, 2013 (the "Class Period"), incurred an Overdraft Fee as a result of First National Bank of Pennsylvania's Debit Re-sequencing."

4. The Court confirms the prior appointments of the Plaintiffs Kimberly Ord, Kevin Ord and Joan Clarey as Class Representatives, and the law firms of Kolman Ely, P.C. and Squitieri & Fearon LLP as Lead Counsel and Glancy, Binkow & Goldberg LLP and the Tostrud Law Group, P.C. as Class Counsel in this litigation.

5. With respect to the Class, this Court finds and concludes that: (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual question; (c) the claims of Lead Plaintiffs are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and their counsel have fairly and adequately represented and protected the interests of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Settlement Class Members in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members, (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the class action.

6. The Court determines that the Notice transmitted to the Settlement Class, pursuant to the Preliminary Approval Order and in accordance with the Agreement, is the best notice practicable under the circumstances and included individual notice to all members of the Settlement Class who could be identified through reasonable efforts. Such Notice provides valid, due and sufficient notice of the final approval hearing and of the other matters set forth therein, including the terms of the Agreement, and such Notice has fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

7. Pursuant to Federal Rule of Civil Procedure 23(e), this Court hereby approves the settlement set forth in the Agreement and finds that the settlement is, in all respects, fair, reasonable and adequate to the Lead Plaintiffs, Settlement Class Members and Defendants (the "Settling Parties"). The Court further finds that the settlement set forth in the Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of the Settling Parties. Accordingly, the settlement embodied in the Agreement is hereby finally approved in all respects. The Settling Parties are hereby directed to perform its terms.

8. The Action is hereby dismissed in its entirety with prejudice and without costs. Nothing herein is intended to waive or prejudice the rights of any person included in the Settlement Class who has timely opted out of the Settlement Class, as identified in Exhibit 1 hereto.

9. The releases as set forth in paragraphs 86-89 of the Agreement together with the definitions in paragraphs 10-41 relating thereto are expressly incorporated herein in all respects.

10. Upon the Effective Date, the Releasing Parties, are forever barred and enjoined from commencing, instituting or continuing to prosecute any action or any proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind

(whether within the United States or not) asserting any of the Released Claims against any of the Released Parties.

11. Upon the Effective Date, the Releasing Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Claims against the Released Parties.

12. The Notice Program as provided for in the Agreement and the Preliminary Approval Order constituted the best notice practicable under the circumstances, including individual notice to all Settlement Class Members who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, due process and any other applicable law.

13. The allocation of the Settlement Fund to Settlement Class Members or any order entered regarding the attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

14. Neither the Agreement nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The Agreement may be filed in an action to enforce or interpret the terms of the Agreement, the settlement contained therein, and any other

documents executed in connection with the performance of the agreements embodied therein. Defendants and/or the other Released Parties may file the Agreement and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15. Class Counsel are hereby awarded attorneys' fees in the amount of $1,000,000 (the "Attorneys' Fees"). The Attorneys' Fees have been determined by the Court to be fair, reasonable and appropriate. No other fees may be awarded to Class Counsel in connection with the Agreement. The Attorneys' Fees shall be paid to Lead Counsel from the Settlement Fund in accordance with the terms of the Agreement.

16. Class Counsel are hereby awarded reimbursement of expenses in the sum of $103,352.67 (the "Attorneys' Expenses"). The Attorneys' Expenses have been determined by the Court to be fair, reasonable, and appropriate. No other costs or expenses may be awarded to counsel in connection with the Agreement. The Attorneys' Expenses shall be paid to Lead Counsel from the Settlement Fund in accordance with the terms of the Agreement.

17. Each Plaintiff is hereby awarded a case contribution award in the amount of $3,000. The case contribution award has been determined by the Court to be fair, reasonable and appropriate. In addition to the case contribution award, each Plaintiff is also eligible for a share of the payment from the Settlement Fund as a member of the Settlement Class. Other than these payments, no other award shall be awarded to any Plaintiff in connection with the Agreement. The Case Contribution Award shall be paid to each Plaintiff from the Settlement Fund in accordance with the terms of the Agreement.

18. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Action; and (d) all parties hereto for the purpose of construing, enforcing and administering the Agreement.

19. In the event that the Settlement does not become effective in accordance with the terms of the Agreement, or the Agreement is terminated pursuant to paragraphs 82 and 96 of the Agreement, paragraphs 83-85 and 98-99 of the Agreement shall apply, the Settling Parties shall return to the status quo ante in the Action as if the Parties had not entered into the Agreement, and this Judgment shall be rendered null and void to the extent provided by and in accordance with the Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Agreement.

20. Without further order of this Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Agreement.

21. The Defendants have provided notification to all appropriate federal and state officials regarding the Settlement as required by 28 U.S.C. §1715.

22. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is hereby directed.

IT IS SO ORDERED.

DATED: June 21, 2013

THE HONORABLE ARTHUR J. SCHWAB
UNITED STATES DISTRICT JUDGE